[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a suit for custody of a minor child, one Darrian Wayne Alcorn born July 14, 1990 in Dormstadt, Germany, the son of the plaintiff father and the defendant mother. Darrian was born out of wedlock. His father lives at 358 Seaview Avenue in Bridgeport and his mother lives in Columbus, Georgia. Suit is brought pursuant to § 46b-61 of the General Statutes which permits one parent to seek orders of custody when the parents are living separately.
As is demonstrated by the dates herein, Darrian is six years of age. He has been represented by able counsel in this proceeding, Attorney Kiernan Costello. Attorney Costello has made Darrian's wishes known to the court together with his recommendations. The court, Mintz, J., had previously ordered a custody study and the Family Relations Counselor, Ms. Karen Kutno, has testified and presented her recommendations.
Darrian was born in Germany while his parents were serving in the United States Army. The plaintiff's four year tour of duty ended in 1992, and he returned to the United States in July 1992 CT Page 5739 and was discharged in September, 1992. In 1992, he began as a full time student at DeVry Technical Institute in Somerset, New Jersey in a two year course. He received his Associates Degree in 1994 and began employment with Federated Systems Group fixing computers and cash registers. His territory is New York, Connecticut and Massachusetts. His hours are 8:00 to 5:00, five days per week. His annual base pay is Twenty-seven Thousand ($27,000) Dollars plus commissions.
The plaintiff has another child, Quoniece, who lives with him. Quoniece is ten years of age and is Darrian's half sister. The plaintiff lives also with his fiancee Jackie Vasquez and her three children ages 6, 4 and 3. There are, therefore, seven living in a 1100 square foot apartment on the second floor of a three family house. The apartment consists of three bedrooms, a living room, kitchen and bath and a closed in sun porch. It has a fenced backyard and is in a safe area at the end of Seaview Avenue, closest to Long Island Sound.
The defendant at the time Darrian was born was stationed in Germany. She and the plaintiff resided together from April, 1990 until November, 1991, when the plaintiff moved out of the defendant's quarters and back into the barracks. In August, 1992, the defendant was transferred to Fort Hood, Texas and then in October, 1993 to Fort Stewart, Georgia. In June, 1994, her daughter, Nyra, was born. Tyrone Ferrell is Nyra's father and lives with the defendant in her apartment in Columbus, Georgia. The defendant was discharged from the Army on June 10th of this year and is attending Cosmetology School in Columbus. She will finish this course in July, 1997 and expects, then, to work as a cosmetologist in Columbus. She, Tyrone and their daughter, Nyra, reside in a condominium complex. The condominium which they have rented on a year's lease consists of two bedrooms, a bath and a half, kitchen and living-dining room combination. A swimming pool, hot tub, gym, racquetball court and jogging strip all are part of the complex or nearby. Darrian would share a room with his half sister.
Darrian has lived with his father in Connecticut since July, 1995. Based upon the parties' agreement, he was to be returned to his mother in November, 1995. However, he was not returned. In mid January, 1996, the defendant came to Bridgeport to retrieve Darrian. While she enlisted the aide of the Bridgeport Police, she was unable to find Darrian and returned to Georgia without him. In February, 1996, a temporary custody hearing was held CT Page 5740 before Judge Mintz and temporary custody of Darrian was awarded to the plaintiff, and the defendant was permitted liberal and flexible visitation with unlimited phone contact.
Darrian is a bright, intelligent and very articulate six year old. He has lived with his father in Bridgeport since July, 1995, so this court has jurisdiction with regard to the issue of custody. He has stated repeatedly that he wants to live with his Mommy and to go "home." He has lived with his mother for at least two thirds of his life and his mother, except for the past year, has been his primary care giver. His father had him with him in the summer of 1994 and had him in the summer of 1995. He was to be returned to his mother in November, 1995, but the plaintiff did not do so. Darrian attended kindergarten at McKinley School this past year. He presently is attending church camp.
The defendant has filed a cross-complaint in which she also seeks custody of Darrian and support for Darrian.
This court must decide between these two parties which should have legal and physical custody of Darrian. The court in deciding this issue must be guided by the provisions of § 46b-56 (b) of the General Statutes. I think it is helpful to review that provision of the statutes for the benefit of all.
Section 46b-56 (b) provides in part as follows: "In making or modifying any order with respect to custody or visitation, the court shall (1) be guided by the best interests of the child, giving consideration to the wishes of the child if the child is of sufficient age and capable of forming an intelligent preference. . . ." The child being but six years of age is not of sufficient age and capable of forming an intelligent preference in this case.
Thus, you can see that this issue must be decided upon what is in the best interests of the child. As Judge Mintz noted at the time of his temporary custody order, this is particularly difficult in this case because both parents love their son very, very much, both are good parents and both are equally fit to have custody of Darrian. So far as physical conditions are concerned, each parent has very like living arrangements, although there are more inhabitants in the plaintiff's home than in the defendant's home. This does have an advantage, however, because it provides Darrian with numerous playmates. Each parent has a large family support group available to her or him CT Page 5741
The court has had the benefit of the family relations report and the benefit of the recommendations of Darrian's court appointed counsel. Both have recommended that the defendant be awarded custody of Darrian for a number of reasons. The court is going to follow these recommendations for the following reasons:
1. The defendant has been the primary care giver of this young child for most of his life.
2. He has expressed his wish that he return with his Mommy to "home."
3. He loves both of his parents very, very much, but wishes to be with his Mommy.
4. He does not wish to hurt his Daddy's feelings and wishes to come to visit his Daddy often.
5. The plaintiff had an agreement with the defendant and had agreed to return Darrian to the defendant and did not do so.
6. The plaintiff realized when he received Darrian in July, 1995, that he had him only temporarily. This is a factor in the court's decision.
7. It is in Darrian's best interest that his custody be with his mother.
The court, therefore, orders that sole legal and physical custody of Darrian shall be with the defendant and enters orders to that effect on the defendant's counterclaim. In addition, the court orders that the plaintiff shall have liberal and flexible visitation with Darrian especially in the locale of Darrian's residence upon reasonable notice — that is at least one week's notice; for one week in alternate years during Darrian's Christmas vacation, such week to be in even years commencing with 1996 to be exercised wherever the plaintiff is residing; for one week during Darrian's spring vacation in alternate years in the odd years beginning in 1997 also exercisable wherever the plaintiff is residing. In addition, the plaintiff shall have visitation during the summers commencing one week after the end of Darrian's school year and terminating one week before the beginning of his school the end of August. Darrian shall be returned by the plaintiff to the defendant always in timely fashion. It is the court's preference that for the next two years that an adult member of the CT Page 5742 family travel with Darrian to and from Bridgeport and Columbus. After such two year period, arrangements can be made through the airlines for the airlines' special service for youngsters' travel. The parties shall share equally Darrian's travel expenses upon his visits to his father and return.
Each party shall have unlimited and unfettered phone communication with Darrian while he is with the other party. The costs for such phone communication shall be borne by the person initiating the call and such calls shall not be placed collect.
Each party shall keep the other party informed at all times of the address at which each may be reached and of the telephone number at which Darrian may be reached and each party shall keep the other party advised of Darrian's health and welfare, while he is residing with her or him.
Neither party shall say anything to Darrian which will be critical of or denigrate the other party.
The defendant shall keep the plaintiff informed as to Darrian's progress in school and as to his health, sending copies of report cards or other reports from the doctor or school regarding his progress. Should Darrian be in camp in the summer while visiting his father, the plaintiff shall send whatever reports or records he receives on Darrian's progress to the defendant.
The defendant shall arrange for Darrian's hospital, medical and dental care through her U.S. Army benefits, and the plaintiff shall provide for U.S. Health Care benefits for Darrian while he is visiting with the plaintiff. Any uncovered medical or dental expenses for Darrian shall be shared equally between the parties.
The court must now consider an appropriate amount by way of support to be paid by the plaintiff to the defendant. In making this determination, the court has considered the provisions of § 46b-84 of the General Statutes together with the provisions of § 46b-215b of the General Statutes. The weekly net income of the parties amounts to $958. The weekly support in accordance with the Child Support and Arrearage Guidelines effective June 1, 1994 for one child is $215, the plaintiff's share being $96 per week. However, each party has another dependent for which he or she is responsible, so it is appropriate that the court deviate from the Child Support Guidelines. CT Page 5743
Based upon the net income of each party as reported in his or her financial affidavit, the plaintiff's share of support for Darrian should be forty-five (45%) percent. The court finds that because of the existence of an additional dependent for each party together with the significant travel expenses connected with visitation that it would be inequitable and inappropriate to apply the Child Support Guidelines, and therefore shall deviate from the guidelines and orders that the plaintiff shall pay the defendant $50 per week by way of support commencing Friday, August 16 and payable each Friday thereafter by the plaintiff mailing a check for this amount to the defendant on Friday of each week.
The court at this time is ordering a contingent order for wage withholding finding good cause not to order an immediate order for wage withholding under the provisions of § 52-362. Such order, however, shall became an immediate order for wage withholding should the plaintiff be three successive weeks in arrears on this order.
Support shall not be payable by the plaintiff to the defendant for the weeks that Darrian is visiting with him in Connecticut nor shall support be payable by the defendant to the plaintiff while Darrian is visiting with the plaintiff.
Finally, the court must consider the question of attorney's fees for counsel for the minor child. In making this determination, the court must consider the provisions of § 46b-62
and the indicia of § 46b-82 of the General Statutes. The court has considered these provisions of both statutes. Counsel for the minor child has submitted an affidavit with respect to his fees. His fee of $2500 is found to be fair and reasonable. The court allows a fee of $2500. The court orders that this shall be divided equally between the parties and that each party shall pay the sum of $1250. Six Hundred and twenty-five ($625) Dollars of this amount shall be paid by each party within one week of this date. The balance of Six Hundred and twenty-five ($625) Dollars shall be paid to attorney Costello by each of the parties on or before January 1, 1997.
In addition to the foregoing findings, the court finds the following allegations of the defendant's cross complaint to be have been proved and to be true. The allegations of paragraphs 1 through 6 except that the address of the defendant is now Columbus, Georgia and the defendant is no longer in the military CT Page 5744 service of the United States; the allegations of 7 and 8 except for the allegations of paragraphs 8c and 8d.
As previously noted, judgment shall enter in favor of the defendant upon the defendant's counterclaim. The attorney for the defendant shall prepare the judgment file.
This court has jurisdiction to determine the issue of custody. It shall retain jurisdiction to see to the performance of its orders. Thereafter, jurisdiction on the issue of custody shall be in accordance with the Uniform Child Custody Jurisdiction Act (UCCJA) and the federal act for the Prevention of Parental Kidnaping (PPKA).
These orders are Yontef type orders which shall take effect regardless of any appeal in this case. Yontef v. Yontef,185 Conn. 275 (1981).
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III, JUDGE